UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEVELAND ROGERS,

    Plaintiff,                              Hon. Gordon J. Quist

v.                                                      Case No. 1:10-CV-1092

GALE SCALLEN,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (Dkt. #10). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). On January 20, 2010, Plaintiff entered the dining hall of the Muskegon Temporary Correctional Facility (MTF).[1] Rather than waiting in line to receive his food, Plaintiff immediately selected a seat and sat down. When Officer Lyons asked Plaintiff about his actions, Plaintiff asserted that he had received, while at a different correctional facility, a "medical accommodation" pursuant to which he was not required to

---

[1] This facility is presently known as the West Shoreline Correctional Facility. *See* Recently Renamed Facilities, available at http://www.michigan.gov/corrections/0,1607,7-119-1381-5534--,00.html (last visited on May 25, 2011).

stand in line to receive his food. Food Service Supervisor Gayle Scanlon[2] informed Plaintiff that "Food Service will not honor [his] accommodations." Scanlon then instructed Plaintiff to stand in line to receive his food like all the other inmates. Plaintiff complied with this directive which caused him to experience "extreme pain" in his left leg.

When Plaintiff returned to the dining facility the following day, Scanlon again directed Plaintiff to stand in line to receive his food. Plaintiff did as instructed, experiencing "extreme pain" in his left ankle and knee. Plaintiff was subsequently required by other food service staff to stand in line to receive his food. As a result, Plaintiff was "forced to miss some meals, to avoid the prolong[ed] standing that causes pain to be extreme."

Plaintiff initiated the present action against Gayle Scanlon. Plaintiff alleges that Scanlon's conduct violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff seeks more than one million dollars in damages. Defendant Scanlon now moves for summary judgment. Plaintiff has failed to respond to Defendant's motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[2] In his complaint, Defendant is incorrectly identified as "Gale Scallen."

325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Eleventh Amendment Immunity**

Plaintiff has sued Defendant Scanlon in both her personal and official capacity. Defendant Scanlon asserts that she is entitled under the Eleventh Amendment to immunity from Plaintiff's official capacity claims.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This provision has long been interpreted as precluding "federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000). Accordingly, the Eleventh Amendment generally precludes federal court actions against a State unless that state has waived its sovereign immunity or consented to suit in federal court. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). The Court notes that the State of Michigan "has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). An action asserted against a State official in his official capacity is considered an action against the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

An exception to this general rule exists, however, for claims seeking prospective injunctive or declaratory (non-monetary) relief compelling a state official (in his official capacity) to comply with federal law. *See Ex Parte Young*, 209 U.S. 123 (1908); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507-08 (6th Cir. 2008) ("[u]nder the *Ex Parte Young* exception, a federal court can issue

prospective injunctive and declaratory relief compelling a state official to comply with federal law") (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Plaintiff has sued Defendant Scanlon in both her personal and official capacity seeking only monetary relief. Accordingly, the undersigned recommends that Plaintiff's claims asserted against Defendant Scanlon in her official capacity be dismissed on Eleventh Amendment grounds.

**II.        Eighth Amendment Claim**

Plaintiff alleges that Defendant Scanlon failed to honor a medical accommodation pursuant to which he was not required to stand in line to receive his food. Plaintiff alleges that as a result he experienced "extreme pain" in his left lower extremity. Plaintiff asserts that Scanlon's conduct violated his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle*, 429 U.S. at 101-02. Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

When evaluating the objective prong of this analysis, the Court must first determine whether the alleged injury or medical need is "obvious," i.e., "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004); *see also, Cain v. Irvin*, 286 Fed. Appx. 920, 927 (6th Cir., July 17, 2008). If, on the other hand, the injury or medical need is not obvious, the plaintiff must submit "medical evidence" demonstrating that the delay or denial of treatment "resulted in additional injury." *Id.* If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that the defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

In support of her motion for summary judgment, Defendant Scanlon has submitted an affidavit as well as copies of Plaintiff's health records. (Dkt. #11, Exhibits B-C). Plaintiff's medical records indicate that on February 20, 2009, Plaintiff was prescribed an accommodation for "handicap table." (Dkt. #11, Exhibit C at 14). Defendant Scanlon asserts in her affidavit that "it is not uncommon for there to be some confusion when a prisoner has a preexisting accommodation for a handicap table from a previous facility, as all tables at MTF are handicap accessible." (Dkt. #11, Exhibit B at ¶ 5).

Accordingly, on January 20, 2010, Scanlon contacted Health Services "for clarification" regarding Plaintiff's need for accommodation as such was unclear. (Dkt. #11, Exhibit B at ¶¶ 5-6). Scanlon was informed by Health Services that Plaintiff "could stand in line, get his own tray, and carry it himself." (Dkt. #11, Exhibit B at ¶ 7). Scanlon asserts that Plaintiff's allegations concerning the events of January 21, 2010, are false as she "did not work" that day. (Dkt. #11, Exhibit B at ¶ 8). Plaintiff's medical records reveal that it was not until July 23, 2010, that Plaintiff was prescribed an accommodation for "no standing in chow lines." (Dkt. #11, Exhibit C at 12-14).

Plaintiff has failed to submit any evidence contradicting or calling into question the assertions contained in Scanlon's affidavit or the information contained within that portion of his medical record submitted to the Court. The only evidence Plaintiff has submitted in this matter is an affidavit, the assertions in which do not regard Plaintiff's allegations against Defendant Scanlon, but instead pertain to matters allegedly occurring in January and February 2011, concerning Plaintiff's request for prescription shoes. (Dkt. #17).

The evidence submitted reveals that even assuming Plaintiff was experiencing a serious medical need, Defendant Scanlon was not deliberately indifferent to such. Scanlon was informed by Health Services that Plaintiff's accommodation for "handicap table" did not prevent him from standing in line to receive his food. Plaintiff has neither alleged nor submitted evidence that his condition was so severe that Defendant Scanlon, as a lay person, should have recognized that he was unable to stand in line and, therefore, acted unreasonably by relying on the advice of medical professionals. In sum, Defendant Scanlon has demonstrated that there exist no genuine factual disputes in this matter and that she is entitled to summary judgment as the evidence reveals that she did not violate Plaintiff's Eighth Amendment rights.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (dkt. #10), be **granted** and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  June 22, 2011    /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge