UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CLEVELAND ROGERS,

       Plaintiff,                                         Case No. 1:10-CV-1092

v.                                                       HON. GORDON J. QUIST

GALE SCALLEN,

       Defendant.

                                         /

## MEMORANDUM OPINION AND ORDER

Plaintiff, Cleveland Rogers, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant, Gayle Scanlon,[1] in both her individual and official capacities, asserting that Defendant violated his Eight Amendment right to be free from cruel and unusual punishment and seeking monetary damages. Defendant filed a motion for summary judgment on March 29, 2011, asserting that Plaintiff has failed to establish an Eighth Amendment violation and that she is protected by qualified immunity. Approximately one month later, Defendant also filed a motion to stay discovery. On June 22, 2011, Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R"), recommending that Defendant's motion for summary judgment be granted, along with a separate Order granting Defendant's motion to stay discovery. On July 5, 2011, Plaintiff filed objections to the R & R contemporaneously with a response to Defendant's motion for summary judgment. Plaintiff requests that the Court consider the untimely summary judgment response as part of his objections, explaining that he did not believe he should respond to Defendant's motion for summary judgment until the magistrate ruled on the motion to stay discovery.

---

[1] In the Complaint, Defendant is incorrectly identified as "Gale Scallen."

Having considered Plaintiff's untimely summary judgment response as part of his objections and conducted a *de novo* review of those portions of the R & R to which objections have been made, the Court concludes that the R & R should be adopted.

## I. BACKGROUND

The following allegations are taken from the Complaint. On January 20, 2010, while housed at Muskegon Temporary Correctional Facility ("MTF"), Plaintiff entered the dining hall and immediately took a seat, rather than waiting in line to receive his food. Plaintiff was approached by Officer Lyons, who asked Plaintiff why he was not waiting in line. Plaintiff explained to Officer Lyons that while housed at a previous facility, he had been issued a "medical accommodation" under which he did not have to wait in line to receive his food because standing for prolonged periods causes him severe pain in his left knee and ankle. Officer Lyons then informed Defendant, who was a Food Service Supervisor at the time. Defendant told Plaintiff that "Food Service will not honor [his] accommodations" and instructed him to wait in line, even after Plaintiff explained to her that doing so would cause him extreme pain. Plaintiff waited in line, after which he experienced "extreme pain" in his left knee and ankle.

When he returned to the dining hall the next day, Plaintiff alleges, Defendant made him wait in line again, which caused him to later suffer "extreme pain." While waiting in line, Plaintiff noticed Defendant talking to other staff. Plaintiff believes that she was telling them not to honor his accommodation request because thereafter other food service staff also required him to wait in line. As a result, Plaintiff was forced to "miss some meals, to avoid the prolong[ed] standing that causes pain to be extreme."

Plaintiff asserts that Defendant's conduct amounts to deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

2

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

### B. The R & R and Plaintiff's Objections/Opposition to Summary Judgment

The R & R recommends that Plaintiff's claim against Defendant in her official capacity be dismissed on Eleventh Amendment grounds because Plaintiff seeks only monetary damages. (R & R at 5-6.) Plaintiff raises no arguments against this aspect of the R & R and the Court agrees with the magistrate judge's recommendation. *See, e.g.*, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004).

This leaves Plaintiff's deliberate indifference claim against Defendant in her individual capacity. An Eighth Amendment claim of deliberate indifference has both an objective and subjective component. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994)). Under the objective component, "the inmate must show that he is incarcerated under conditions posing a substantial risk

3

of serious harm." *Id.* The subjective component requires the inmate to demonstrate that the prison official had "a sufficiently culpable state of mind." *Id.* An inmate makes this showing by "establishing that 'the official knows of and disregards an excessive risk to inmate health or safety,' which is to say 'the official must be both aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837, 114 S. Ct. at 1979).

In support of her motion for summary judgment, Defendant submits an affidavit and excerpts from Plaintiff's medical records, which includes several Special Accommodation Notices ("SANs"). With his response to Defendant's motion for summary judgment, which the magistrate did not have when issuing the R & R, Plaintiff also submits copies of his SANs along with documentation relating to the grievances he filed against Defendant regarding the same conduct complained of here. A review of Plaintiff's medical records reveals the following:

- Plaintiff was issued a SAN on December 18, 2006, while housed at a previous facility, to "avoid prolonged standing," but that accommodation was discontinued as of February 17, 2009. (Pl.'s Resp. Ex. 3-4.)

- On February 20, 2009, while still housed a previous facility, Plaintiff was issued a SAN for "Handicap Table." (*Id.* Ex. 1; Def.'s Mot. for Summ. J. Ex. C. at 14.)

- On January 20, 2010 (the date of the incident), while at MTF, Plaintiff's special accommodations were reviewed and updated, but did not evidence the special accommodation for handicap table that had been issued at the previous facility on February 20, 2009. (Def.'s Mot. for Summ. J. Ex. C at 5.)

- On January 21, 2010, Plaintiff's special accommodations were updated by MTF to include an accommodation for "handicap table." (*Id.* Ex. C at 6.)

- On July 23, 2010, Plaintiff received a SAN for "no standing in chow lines." (*Id.* Ex. C at 14.)

In her affidavit, Defendant denies Plaintiff's allegation that she refused to honor his SAN on January 20, 2010. (Scanlon Aff. ¶4.) She states that "it is not uncommon for there to be some

4

confusion when a prisoner has a preexisting accommodation for a handicap table from a previous facility, as all tables at MTF are handicap accessible." (*Id.* ¶5.) Accordingly, Defendant asserts, she contacted Health Services that day and was informed that Plaintiff "could stand in line, get his own tray, and carry it himself." (*Id.* ¶ 7.) This allegation is consistent with Plaintiff's medical records, which demonstrate that his special accommodations were reviewed on that date. Defendant also denies Plaintiff's allegations as to January 21, 2010, because she did not work that day. (*Id.* ¶ 8.) Given this evidence, and the fact that Plaintiff did not receive a SAN for "no standing in chow lines" until July 23, 2010, the magistrate concluded that Defendant was entitled to summary judgment. Even assuming Plaintiff was experiencing a serious medical need, Defendant was not deliberately indifferent to that need because she contacted Health Services and was told that Plaintiff could wait in line for his food.

In opposition to Defendant's motion for summary judgment, Plaintiff asserts that the February 20, 2009, SAN for "handicap table," which was still in effect on the date of the incident and applied to MTF even though it had been issued at another facility, "functions to prevent prolonged standing during meal calls."  In support, Plaintiff submits a Grievance Response he received on February 20, 2010, regarding the same incident, which indicates as follows:

> In talking with food service staff I was told they called Health Services and were told that prisoner Rogers could carry his own tray. However in looking at Rogers detail it does state that he has handicap table status which means he is to be assisted. The problem appears to be in the differant [sic] interpretations by food service in what a specific medical detail means. More consistency in a health service detail is needed to solve this issue.

(Pl.'s Resp. Ex. 5.) The Court rejects Plaintiff's interpretation of the grievance response. At best, the response indicates that "handicap table" means that one should be assisted in carrying his food tray. It does not support that having such an accommodation means that he need not wait in line to obtain the tray in the first place. In addition, such an interpretation would make the July 23, 2010, SAN for "no standing in chow lines" superfluous.

Even more importantly, however, the grievance response does nothing to counter Defendant's assertions in her affidavit, and, in fact, provides them with further support. Defendant expressed that there is often confusion when an inmate has a SAN for handicap table from a previous facility because all MTF tables are handicap accessible. By specifically referencing the different interpretations among food service staff as to what specific medical details mean, the grievance response only further supports Defendant's asserted "confusion." Moreover, neither the grievance response nor any other evidence Plaintiff has submitted counters Defendant's assertion that she contacted Health Services and was told that he could wait line.

Therefore, the Court finds that Plaintiff has failed to establish the subjective component of his deliberate indifference claim. Even if waiting in line posed a serious medical risk to him, he has not shown that Defendant was actually aware of that risk and disregarded it. *Clark-Murphy*, 439 F.3d at 286. Therefore, like the magistrate judge, the Court concludes that there is no genuine dispute as to any material fact and Defendant is entitled to summary judgment because the evidence reveals that she did not violate Plaintiff's Eighth Amendment rights. Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation issued June 22, 2011 (docket no. 27) is **ADOPTED** as the Opinion of the Court. Defendant's Motion for Summary Judgment (docket no. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that there is no good faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007)).

This case is **concluded**.

Dated: July 18, 2011                                             /s/ Gordon J. Quist
                                                                                  GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE